UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAHIYM ABDUL WASI,

                            Plaintiff,

                 -against-

EQUIFAX,

                        Defendant.

22-CV-1037 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Fair Credit Reporting Act, 15 U.S.C.

§ 1681(b), *et seq*., and the Consumer Credit Protection Act. He also invokes the Court's diversity

jurisdiction, 28 U.S.C. § 1332. For the following reasons, this action is transferred to the United

States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1).

A defendant corporation is deemed to reside "in any judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in question

. . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant

corporation generally "shall be deemed to reside in any district in that State within which its

contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Plaintiff resides in Brooklyn, Kings County, New York, which is within the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff alleges that he notified Defendant Equifax to remove items from his consumer credit report. The disputed information was removed on October 14, 2021, but was "added back" to his credit report on December 14, 2021.[1] (ECF 2 at 4.) Because Plaintiff resides in Kings County, the events giving rise to Plaintiff's claims could be said to have occurred there, and venue is thus proper in the Eastern District of New York under section 1391(b)(2).

Plaintiff has not pleaded facts about Defendant's contacts with this district,[2] though Equifax likely is subject to personal jurisdiction in this district.[3] If so, venue would be proper in this district under section 1391(b)(1). Plaintiff recently brought another action against the same

---

[1] Under the FCRA, if disputed information is deleted from a consumer's file following reinvestigation, the consumer reporting agency may not reinsert the information "unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i). If the agency does reinsert any previously deleted information, it must provide notice to the consumer, within five business days, that the information has been reinserted. 15 U.S.C. § 1681i(a)(5)(B)(ii)-(iii).

[2] "[P]laintiff has no obligation under Rule 8 to plead any allegations pertaining to personal jurisdiction, and so a complaint cannot inadequately allege the basis for personal jurisdiction. . . . [a]lthough plaintiff has the burden of proving personal jurisdiction when it is properly challenged." *Parabit Sys., Inc. v. Synergistics, Inc.*, No. 19-CV-888 (BMC), 2019 WL 13078616, at *1 (E.D.N.Y. Apr. 5, 2019); 4 Charles Alan Wright et al., Federal Practice And Procedure § 1067.6 (3d ed. 2007) (collecting cases and noting that "strictly speaking, under Federal Rule 8(a) plaintiffs are not required to plead the basis for personal jurisdiction over defendants").

[3] *See, e.g.*, *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) ("[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction . . . if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'").

defendant in this Court, which was transferred to the United States District Court for the Eastern District of New York, and remains pending there under docket number 21-CV-6638 (E.D.N.Y.).

Even assuming venue in this district is proper, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Based on consideration of these factors, transfer appears to be appropriate in this case. The underlying events occurred in Kings County, where Plaintiff resides. Plaintiff's choice of this forum is entitled to less deference, where he does not reside in this district and the events did not occur here. Moreover, he has an action raising the same or similar charges against the same defendant, which is pending in the Eastern District of New York.[4] Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   February 8, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] *Wasi v. Equifax*, No. 21-CV-06638 (E.D.N.Y.); *see also Wasi v. TransUnion*, No. 21-CV-6860 (E.D.N.Y.) (suit transferred from the Southern District of New York).